**UNITED STATES of America, Appellee,**

v.

**Michael DENNIS, Appellant.**

**No. 90–1078.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1991.

Decided May 22, 1991.

---

Wayne Davis, Little Rock, Ark., for appellant.

Jana K. Brown, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and MAGILL and LOKEN, Circuit Judges.

PER CURIAM.

### I.

We deal here with another airport search case. The facts are undisputed. On June 14, 1989, Officers Baker and Park observed Michael Dennis deplane a Southwest Airlines plane at the Little Rock Airport. The officers, dressed in plain clothes, noticed that Dennis was wearing a hat and waist pouch that contrasted sharply with the clothes he was wearing. They also noticed that he looked back toward the other passengers exiting the plane. Although the officers had no prior information about Dennis, they followed him down the concourse. Officer Baker approached Dennis after Dennis had exited the terminal, showed Dennis his badge, identified himself as a police officer, and informed Dennis that he would like to speak to him. Baker asked Dennis to return to the terminal to get out of the rain. Dennis and the officers then moved to an area outside the terminal that was covered by an overhang. Once under the overhang, Baker asked to see Dennis's airline ticket. Dennis produced an airline receipt for a ticket that was purchased for cash that day. The receipt, however, did not indicate the origination or destination of a flight. Baker then asked Dennis if he had any identification and he said no. Dennis answered Baker's questions about his travel plans. Baker then asked Dennis if he could search his luggage and Dennis consented. While Baker was searching his luggage, Dennis stated that he needed to go to the restroom. Officer Park asked Dennis if he could search his person before he went to the restroom. Dennis said yes and turned to place his hands on the wall. Park told Dennis that placing his hands on the wall was unnecessary and proceeded to pat him down. Dennis stated again that he really needed to go to the bathroom. Park then asked Dennis if he could search his pouch before he went to the restroom. Dennis took off the pouch and handed it to Park. Park unzipped the pouch with Dennis's assistance and discovered that it contained cocaine.

Dennis was thereafter formally arrested and charged. At the arraignment Dennis pled guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1989). He was sentenced to twenty-seven months imprisonment and received a three year term of supervised release. Dennis now appeals on the ground that the search of his person violated the Fourth Amendment. We affirm.

### II.

Dennis argues that the district court should have granted his motion to suppress the cocaine because the officers detained him without his consent and without having a reasonable articulable suspicion that he had committed or was about to commit a crime.

■ The Fourth Amendment provides in relevant part that people have the right "to be secure ... against unreasonable ... seizures." U.S. Const. amend. IV. Encounters between police officers and individuals that are consensual in nature and do not involve coercion or restraint of liberty will not implicate the Fourth Amendment. *See United States v. Poitier*, 818 F.2d 679, 682 (8th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 651 (1988). The Supreme Court has recognized that the Fourth Amendment's proscription against "unreasonable seizures" is not involved if an officer merely approaches an individual in a public place and asks the individual to answer some questions. *Florida v. Royer*, 460 U.S. 491, 501, 103 S.Ct. 1319, 1326, 75 L.Ed.2d 229 (1983) (plurality). In *Poitier*, this court held that an encounter is consensual and therefore outside the scope of the Fourth Amendment if an officer simply displays his or her badge, requests information, and suggests that the individual move to a nearby area away from the flow of traffic. 818 F.2d at 682. The Fourth Amendment becomes implicated if an "officer, by means of physical force or show of authority, ... in some way restrain[s] the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). In *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (plurality), the Supreme Court held that a person is seized within the meaning of the Fourth Amendment "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." The Court observed that a seizure might occur if an individual is confronted by several police officers or if an officer physically touches the individual, displays a weapon, or uses an authoritative tone of voice or language. *Id.*

■ We affirm the district court's denial of Dennis's motion to suppress the cocaine found in the pouch. After reviewing the totality of the circumstances, we conclude that the encounter between Dennis and the officers did not result in his seizure. We also conclude that the district court's find-

ing that Dennis voluntarily consented to the search of his person was not clearly erroneous. *See United States v. McKines*, 933 F.2d 1412, 1423 (8th Cir.1991) (en banc); *Poitier*, 818 F.2d at 682. The officers were dressed in plain clothes and did not physically touch Dennis or display their weapons. The officers did not lead Dennis to believe he was the focus of a particular drug investigation. *Cf. United States v. Sadosky*, 732 F.2d 1388 (8th Cir.) (holding that a seizure occurred when an agent indicated to the individual that he had become the focus of a drug investigation), *cert. denied*, 469 U.S. 884, 105 S.Ct. 254, 83 L.Ed.2d 191 (1984). The officers did not use language which would indicate to Dennis that he was not free to leave. The officers merely requested, but did not demand, to search Dennis's luggage and his person. Dennis's consent to the search of his luggage and his person was not rendered involuntary by the timing of his requests to use the restroom because it is not clear from his requests that he was attempting to resist the search. *See Mendenhall*, 446 U.S. at 559, 100 S.Ct. at 1879 (holding that the individual's statement to the officer that "she had a plane to catch" was merely an expression of concern that the search be conducted quickly). Finally, the officers' failure to inform Dennis that he was free to leave did not make the encounter coercive. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49, 93 S.Ct. 2041, 2058–59, 36 L.Ed.2d 854 (1973).

Accordingly, the judgment of the district court is AFFIRMED.

LAY, Chief Judge, concurring.

I concur. Although I think the issue close based on the majority opinion in *United States v. McKines*, 933 F.2d 1412, 1423 (8th Cir.1991) (en banc), I am convinced that the majority of this court would hold that the officers' conduct would not make a reasonable person feel that he or she was not free to leave. I personally believe that the law is that when an officer cannot formulate a reasonable articulable suspicion through consensual questions but nevertheless requests a search of the per-

son or of luggage, a reasonable person would not feel free to do anything other than to acquiesce in that request. An individual who consents to such a search submits and has been legally seized. It defies common sense and human experience to urge that under those circumstances a reasonable person would feel he or she is still free to leave. *McKines*, however, holds otherwise. Until the Supreme Court provides further clarification, I am, of course, bound by this court's precedent. In addition, I believe there was less of a show of authority in this case than in *McKines* because Dennis, unlike McKines, was not the focus of a drug investigation. Furthermore, Dennis was not moved to an enclosed area, with egress blocked by another officer. For these reasons, I concur in the panel's opinion.