**UNITED STATES of America, Appellee,**

v.

**Chauncey GILBERT, Appellant.**

No. 90–3027.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1991.

Decided June 20, 1991.

Rehearing Denied July 23, 1991.

Frank Fabbri, III, St. Louis, Mo., for appellant.

John E. Hall, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

PER CURIAM.

Chauncey Gilbert pleaded guilty to possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a). He reserved the right to appeal the district court's denial of a motion to suppress and certain discovery requests. We affirm.

On November 29, 1989, narcotics officers Larry Fox, Robert Thompson and Thomas Vohsen observed Gilbert deplane from an early morning flight arriving in St. Louis, Missouri from San Diego, California. The officers followed Gilbert to the short-term parking garage. At the top level Gilbert opened the trunk of an automobile. Fox and Thompson approached Gilbert from the rear, identified themselves as federal narcotics officers and displayed their badges. Gilbert agreed to talk to the officers and, at their request, gave them his airline ticket. Fox then asked Gilbert for identification and also asked if he could search the luggage Gilbert had just placed in the trunk. Gilbert consented to the search and told Fox he had identification in the glove compartment. Fox allowed Gilbert to enter the automobile to retrieve the identification. At this point, Vohsen, who had separated from Fox and Thompson, stood in front of a van parked next to the automobile. On opening Gilbert's garment bag, Fox found a small package containing heroin. Fox yelled that Gilbert was under arrest. By this time Vohsen had moved to the open door of the driver's side. Simultaneously with Fox's announcement of his arrest, Gilbert started the automobile. Vohsen reached in and shut off the ignition and removed Gilbert from the automobile. A further search of the luggage and Gilbert revealed more heroin.

Gilbert argues that the district court,[1] which adopted the report and recommendation of the magistrate judge,[2] erred in failing to find that his initial encounter with officers Fox and Thompson was a fourth amendment seizure. Gilbert asserts that the encounter was a seizure because the officers approached him from behind, identified themselves as narcotics agents, and displayed their badges. We disagree. In *United States v. McKines*, 933 F.2d 1412 (8th Cir.1991) (en banc), this court noted that certain of our cases involving airport stops had suggested that a "consensual encounter turned into a fourth amendment seizure" when an officer identified himself as a narcotics agent and displayed a badge. 933 F.2d at 1417, citing, *e.g.*, *United States v. Millan*, 912 F.2d 1014 (8th Cir.1990). This court, however, held that these cases should no longer be followed to the extent they purported to establish a "bright-line" rule for determining when a fourth amendment seizure occurred. Rather, this court held that the proper fourth amendment inquiry was "whether all the circumstances involved in the officers' questioning of [a defendant] were so intimidating, threatening, or coercive that a reasonable person would not have believed himself free to leave." *McKines*, at 1419. In *McKines*, this court noted that although officer Hicks, who initially approached McKines, identified himself as a narcotics agent and displayed a badge, there was no fourth amendment seizure because Hicks and the other officers involved in the encounter wore plain clothes, and did not display weapons, act in a threatening manner, or restrain McKines' movement.[3] *Id.* at 1422–1423. *See also United States v. Dennis*, 933 F.2d 671 (8th Cir.1991) (per curiam) (applying *McKines* court found no seizure where officers wore plain clothes, did not display weapons, or act in a threatening manner).

Likewise, in this case, considering the totality of the circumstances, we find no fourth amendment seizure. As in *McKines*, and *Dennis*, the officers wore plain clothes, did not display weapons, or act in a threatening manner. In addition, the officers did not restrain Gilbert's movement. As the magistrate judge noted, the officers allowed him to enter the automobile. Vohsen restrained Gilbert only after Fox discovered the heroin in Gilbert's luggage and ordered Gilbert to be placed under arrest.

We also find no merit to Gilbert's assertion that the district court erred in quashing his subpoenas requesting, among other things, materials relating to drug courier profiles.

Accordingly, the judgment is affirmed.

---

**1.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

**2.** The Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri.

**3.** In *McKines*, a majority of this court held that "the findings of the district court as to what the various parties said or did are subject to the clearly erroneous standard. The question of seizure, however, which rests on a reasonable person's belief about the surrounding circumstances, is a legal characterization that must be reviewed de novo." 933 F.2d at 1426.