UNITED STATES of America, Appellant,

v.

Deondre L. LOCKLIN, a/k/a Deondre L. Thomas, Appellee.

No. 91–2202EM.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Aug. 30, 1991.

Sam C. Bertolet, St. Louis, Mo., argued (Stephen B. Higgins, Steven E. Holtshouser and Sam C. Bertolet, on brief), for appellant.

T. Evan Schaeffer, St. Louis, Mo., for appellee.

Before FAGG, BOWMAN and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

The Government appeals from an adverse decision of the district court suppressing drugs and incriminating statements. We reverse.

The controlling facts are not complicated. During surveillance of a suspected drug house, two plainclothes detectives saw Locklin leave the house on foot. The detectives followed Locklin in an unmarked car, then pulled over to the curb where Locklin was walking and approached him on the sidewalk. The detectives identified themselves as police officers, asked Locklin to move closer, and asked for his name. Locklin told them his name and date of birth. The detectives neither detained nor ordered Locklin to remain with them on the sidewalk. When one of the detectives ran Locklin's name through the computer of a marked police car parked in a lot near the sidewalk, the detectives learned Locklin was wanted for disorderly conduct. The detectives arrested Locklin, searched him, and found drugs in his clothing. Locklin made an incriminating statement after he was placed in jail.

The outcome of this appeal turns on whether the street encounter between Locklin and the detectives rose to the level of a seizure. We review this question de novo. *United States v. McKines*, 933 F.2d 1412, 1426 (8th Cir.1991) (en banc). It is well established that a person is seized within the meaning of the fourth amendment " '[o]nly when [police officers], by means of physical force or show of authority, [have] in some way restrained the liberty of a citizen.' " *Florida v. Bostick*, —— U.S. ——, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968)). For our purposes, we must decide whether, considering all the circumstances surrounding the encounter, "the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests" and continue walking. *Id.* 111 S.Ct. at 2389.

We agree with the district court that a seizure did not occur when the detectives approached Locklin, identified themselves as police officers, and asked for his name. *See id.* at 2386; *Florida v. Rodriguez*, 469 U.S. 1, 5–6, 105 S.Ct. 308, 310–11, 83 L.Ed.2d 165 (1984); *United States v. Mendenhall*, 446 U.S. 544, 555, 100 S.Ct. 1870, 1877–78, 64 L.Ed.2d 497 (1980). We disagree, however, with the district court's assessment that the presence of "a marked police car [ ] sitting in a [parking] lot a few yards behind [Locklin]" and the detective's use of the vehicle's computer transformed the encounter into a seizure.

In the circumstances of this case, we believe a reasonable person would have felt free to walk away from the detectives and go about the person's business. *See Mendenhall*, 446 U.S. at 554–55, 100 S.Ct. at 1877–78; *United States v. Gilbert*, 936 F.2d 377, 378 (8th Cir.1991). The incident occurred on a public sidewalk. The detectives wore civilian clothing. They made no demands, gave no intimidating commands, displayed no weapons, and used neither threats nor force. The detectives merely asked Locklin for his name. The presence of the marked police car with a uniformed officer inside did not turn the encounter into a seizure. *See Michigan v. Chesternut*, 486 U.S. 567, 575–76, 108 S.Ct. 1975,

1980–81, 100 L.Ed.2d 565 (1988). Further, the record does not show that Locklin attached any particular significance to the vehicle's presence or that he realized the detective stepped over to the marked police car to run Locklin's name through the vehicle's computer.

In our view, the record in this case does not permit the conclusion that Locklin was seized through an intimidating show of authority. Because consensual encounters between police officers and citizens are permitted, Locklin was not seized merely because he stopped moving forward to respond to the detectives' overtures. Instead, for fourth amendment purposes, a seizure "is defined by the coercive nature of the [detectives'] conduct." *United States v. Hooper*, 935 F.2d 484, 489 (2d Cir.1991). Locklin simply chose to stop, listen, and answer the detectives without any objective reason to believe "he was not free to leave if he had not responded." *INS v. Delgado*, 466 U.S. 210, 216, 104 S.Ct. 1758, 1762–63, 80 L.Ed.2d 247 (1984). We thus reverse the district court and remand for further proceedings consistent with this opinion.