(887 P.2d 698)
No. 70,420

STATE OF KANSAS, *Appellee*, v. KEVIN D. CROWDER, *Appellant*.

Opinion filed August 12, 1994.

*Stephen C. Moss*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and RICHARD W. WAHL, District Judge Retired, assigned.

BRAZIL, J.: Kevin Crowder appeals his conviction, after a jury trial, of cocaine possession pursuant to K.S.A. 65-4127a, a class

C felony. He argues that the trial court erred by failing to suppress evidence obtained during an illegal search and seizure of his person. We affirm.

While on a routine patrol in a high crime area in Wichita in the late evening hours, police officers Bret Giffin and Brent Melander pulled their marked car into a motel parking lot. Numerous arrests had been made there in the past, including an arrest involving drugs earlier that evening in Room 5.

The officers observed Crowder knock on the door to Room 6. Crowder spotted the police car, turned back to the door, and knocked again. Crowder then turned and walked toward the police car. Officer Giffin testified that Crowder approached the driver's side of the car, Giffin rolled down the window, and the two began talking. Officer Giffin asked Crowder what he was doing, and Crowder replied that he was looking for a friend named David. Officer Giffin asked Crowder for his name, and he replied that his name was also David. Officer Giffin testified that Crowder hesitated before answering each question.

Officer Giffin got out of the car and asked Crowder if he could pat him down for weapons. Crowder complied, and no weapons were found. Officer Giffin again asked Crowder for his name, and Crowder said it was Bryan Martin and that his date of birth was December 24, 1964. Officer Giffin went to the rear of the car to radio in the information for verification through police records.

While Officer Giffin and Crowder were talking, Officer Melander got out of the car and walked to Room 6 to check for drug paraphernalia that Crowder may have dropped on the ground. Finding none, he returned to the car where Officer Giffin and Crowder were talking. Officer Melander testified that as Crowder spoke, he noticed that Crowder sounded as if he had something in his mouth. Officer Melander testified that Crowder's left cheek was pushed out and that Crowder was trying not to open his mouth very wide when he spoke.

Officer Melander asked Crowder to open his mouth, and Crowder complied. Using his flashlight, Officer Melander saw a

small plastic baggie approximately one-half inch long filled with small white rocks inside Crowder's left cheek.

Crowder was charged with possession of cocaine pursuant to K.S.A. 65-4127a. His motion to suppress the cocaine as fruit of an illegal search was denied. At trial, the court adopted the ruling made at the hearing and overruled Crowder's objection to introduction of the baggie of cocaine as fruit of an illegal search. Crowder was convicted after a jury trial and sentenced to 3 to 10 years. His motions for new trial and judgment of acquittal were denied.

The trial court's denial of a motion to suppress evidence will be upheld on review if it is supported by substantial competent evidence. *State v. Garcia,* 250 Kan. 310, 318, 827 P.2d 727 (1992).

The trial court denied the motion to suppress at the hearing, holding:

"It would appear to me there is no real detention here; that this is contact that was initiated by the defendant and everything that took place was consensual up to the point that he had to be subdued. But, by that point the officer had already observed evidence that indicated to him that it was illegal drugs in possession of defendant; and he certainly was entitled to the actions that he committed at that point."

There are three types of police-citizen encounters: arrests, investigatory stops, and voluntary encounters. Voluntary encounters are not considered seizures and are not covered by the Fourth Amendment. *U.S. v. Ward,* 961 F.2d 1526, 1529 (10th Cir. 1992). The trial court considered the contact between Crowder and the police officers a voluntary encounter and declined to apply Fourth Amendment analysis.

Crowder argues that his initial encounter with the police officers was not voluntary and must be judged by Fourth Amendment standards. He first relies on the testimony of Officer Giffin concerning whether Giffin or Crowder initiated the conversation. At the preliminary hearing, Officer Giffin testified that Crowder approached the driver's side of the car and Officer Giffin rolled down the window and asked Crowder "what was up." At the suppression hearing, Officer Giffin testified that Crowder initiated the conversation. At trial, Officer Giffin testified that he did not

remember who spoke first, but that his police report stated that he rolled down the window and asked Crowder what he was doing.

These inconsistencies have little bearing on the voluntariness issue. In all three instances, Officer Giffin testified that Crowder walked directly up to the car. He testified that it was "apparent that [Crowder] wanted something or wanted to talk to me about something." The officers remained in the car while speaking to Crowder. Officer Giffin testified that Crowder could have completely avoided walking past the car by following the sidewalk from the motel room to the street, but that since he chose to walk through the parking lot, he would have necessarily come close to the car. This type of contact does not constitute a seizure.

Crowder then contends that there is no evidence that he consented to the pat-down search. While a pat-down search clearly implicates a seizure, the Fourth Amendment right protecting individuals from unreasonable search and seizure may be waived by voluntary consent. *State v. Miles,* 206 Kan. 748, 751, 481 P.2d 1020, *cert. denied* 404 U.S. 956 (1971). To establish consent, it must be clear that the search was permitted or invited by the individual whose rights are in question without duress or coercion. " 'The question of whether consent has been given is a question of fact for the trial court to determine . . . subject to appellate review within the "clearly erroneous rule." ' " 206 Kan. at 751.

Crowder relies on Officer Giffin's testimony that he "decided to step out and do a quick pat down for weapons" and that Crowder "complied with my orders to pat him down." However, Crowder testified at trial that "[t]hey asked me to put my hands on top of the car. So I put my hands on top of the car and let them pat me down." Officer Giffin testified at the suppression hearing and at trial that he asked Crowder if he could pat him down for weapons. At the suppression hearing, he specifically stated that Crowder agreed. The trial court's conclusion that Crowder consented to the pat-down search is not clearly erroneous.

Finally, Crowder argues that he was involuntarily "seized" while Officer Giffin ran a records check on the new name and date of

birth given to him by Crowder. The test for whether a seizure has occurred turns on whether a reasonable person under the totality of the circumstances would believe, based on the officer's conduct that he was free to go. *Florida v. Bostick,* 501 U.S. 429, 115 L. Ed. 2d 389, 400, 111 S. Ct. 2382 (1991).

Crowder contends that he did not believe he could end the contact with the officers because there were two of them, armed and in uniform, and neither informed him that he was free to leave. Crowder cites *U.S. v. Ward,* 961 F.2d at 1529, and *U.S. v. Bloom,* 975 F.2d 1447 (10th Cir. 1992), for the proposition that these factors establish the coerciveness of the encounter. While some of these factors are present in *Ward* and *Bloom,* the court in both cases relied heavily on the fact that the "seizures" took place in a private compartment on a railroad car and that the officers asked " 'focused, potentially incriminating questions.' " 975 F.2d at 1454.

Neither of these factors is present here. While it is true that there were two officers with Crowder, the contact occurred in a public place and the officer's request for Crowder's name was neither coercive nor incriminating. See *U.S. v. Locklin,* 943 F.2d 838 (8th Cir. 1991).

There was no evidence that Officer Giffin ordered Crowder to remain standing by the car. Officers Giffin and Melander testified that Crowder was free to go at that point. Officer Giffin also stated that usual procedure dictated that persons subject to such a records check are always free to go but that the officers continue to watch them. Officer Melander testified that they were in the parking lot to check the motel, but at that point, "we didn't have anything to talk with Mr. Crowder about."

Crowder correctly argues that the officers' unspoken belief that Crowder was free to go does not preclude the existence of a seizure. Likewise, an individual's view of the situation colored by his or her fear of being caught engaging in criminal activity cannot be grafted onto an otherwise innocent encounter to convert it into a seizure. *United States v. Brunson,* 549 F.2d 348, 358 (5th Cir.), *cert. denied* 434 U.S. 842, *reh. denied* 434 U.S. 961 (1977).

Even if Crowder was unreasonably seized at this point, his consent to the search of his mouth operates to remove the taint of the illegal nature of the seizure if it was voluntarily given under the totality of the circumstances. *State v. Henry,* 14 Kan. App. 2d 416, 419-20, 792 P.2d 358, *rev. denied* 247 Kan. 706 (1990). This analysis requires consideration of the proximity in time of the Fourth Amendment violation and the consent, intervening circumstances, and particularly the "purpose and flagrancy" of the officers' misconduct. *U.S. v. Mendoza-Salgado,* 964 F.2d 993, 1011 (10th Cir. 1992). Crowder argues that the consent was not voluntary.

The trial court stated in its decision on the motion to suppress that "everything that took place was consensual up to the point that [Crowder] had to be subdued." If the trial court does not specifically apply the taint analysis to the consent, the appellate court may do so upon a sufficient record on appeal. 964 F.2d at 1011.

Officer Melander testified that he asked Crowder if he would open his mouth, and Crowder complied. Crowder himself testified at trial that "[Officer Melander] asked me to open my mouth, so I opened my mouth for him." There is nothing in the record to suggest that Officer Melander used coercion or duress to obtain Crowder's consent to search his mouth.

While very little time passed between the records check and Crowder's consent to the search of his mouth, and neither officer informed Crowder that he was free to refuse consent to the search, the dispositive factor in this case is that Crowder initiated the contact with the police officers. There is no evidence of the officers' flagrant disregard of Crowder's Fourth Amendment rights or improper purpose behind their actions. Considering the totality of the circumstances, Crowder's consent was voluntary.

Affirmed.