**STATE of Iowa, Appellee,**

v.

**Douglas MANNA, Appellant.**

No. 93–1754.

Supreme Court of Iowa.

June 21, 1995.

Rehearing Denied July 14, 1995.

Richard A. Bartolomei of Bartolomei & Lange, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., and Mary E. Richards, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

This case comes to us on further review of a court of appeals decision reversing a district court judgment of conviction and sentence. The judgment is based upon evidence of intoxication that the district court refused to suppress. The defendant convinced the court of appeals that the district court's admission of the intoxication evidence violated the defendant's Fourth Amendment right against unreasonable search and seizure.

Our de novo review of the record convinces us that the district court's admission of the evidence was correct. We vacate the court of appeals decision and affirm the district court's judgment of conviction and sentence.

During the early morning hours of April 24, 1993, Iowa state patrol officer William Sankey pulled Douglas John Manna over for speeding on a county highway. Once both cars were stopped, Sankey approached Manna's car. He told Manna that he pulled him over for speeding. Sankey then asked Manna (1) for his license and car registration, and (2) to sit in Sankey's patrol car while Sankey wrote out Manna's speeding citation. At the suppression hearing, Sankey testified that when he approached the driver's side of Manna's car, he noticed "[a] strong odor, very strong [odor] of a cologne." Sankey noticed the odor again once he and Manna were seated in Sankey's patrol car.

As he wrote out Manna's citation, Sankey observed that Manna was chewing on sunflower seeds. Once the citation was completed, Sankey asked Manna to spit out the seeds. Manna apparently did not say anything before spitting out the seeds.

At this point, Sankey noticed a strong smell of alcohol about Manna. He asked Manna if he had been drinking. Manna said yes. Sankey administered several standard field sobriety tests to Manna, all of which he failed.

Manna then consented to a preliminary breath test (PBT). The PBT revealed Manna's blood alcohol concentration to be in excess of .10. Sankey (1) arrested Manna, (2) Mirandized him, and (3) took him to Ames for an intoxilyzer test. This test revealed Manna's blood alcohol level as .207.

The State filed a one-count trial information against Manna for operating while intoxicated under Iowa Code section 321J.2 (1991). Manna moved to suppress all evidence of intoxication. After a hearing, the district court denied Manna's suppression motion.

Manna waived his right to a jury trial and subsequently was tried to the court on the minutes of testimony. The court found him guilty as charged. Later, the court sentenced Manna to sixty days in jail and suspended all except two days of the sentence. The court (1) placed Manna on probation for one year, (2) fined him $500, (3) ordered him to pay surcharge and court costs, and (4) ordered him to undergo substance abuse evaluation.

Manna appealed from the judgment of conviction and sentence.

I. Manna reiterates his suppression hearing argument that Sankey's authority to investigate Manna ended when he completed the citation. At this point—Manna contends—any further detention violated Manna's Fourth Amendment right against unreasonable search and seizure of his person. In support of this contention, Manna argues that before Sankey asked Manna to spit out the sunflower seeds, he had no facts upon which to form a reasonable and articulable suspicion to believe that Manna was operating a motor vehicle while intoxicated.

■ Because Manna raises constitutional questions, our review is de novo based upon the totality of the circumstances. *State v. McKnight,* 511 N.W.2d 389, 391 (Iowa 1994) (citation omitted).

We assume without deciding that Manna is correct. Nevertheless, we agree with the State that Manna consented to the search and for that reason the district court correctly denied Manna's suppression motion.

■ The Fourth Amendment to the federal Constitution pertinently provides that "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause...." U.S. Const. amend IV. Evidence that is obtained in violation of this

provision is inadmissible, no matter how relevant or probative the evidence may be. *State v. Schrier,* 283 N.W.2d 338, 342 (Iowa 1979).

"A search and seizure without a valid warrant is per se unreasonable unless it comes within a recognized exception such as consent, search incident to arrest, probable cause and exigent circumstances, or plain view." *Id.* (citation omitted). So even if the detention here—seizure of Manna's person— was unreasonable, the request to spit out the sunflower seeds was a valid search if Manna consented to it. *See State v. Ahern,* 227 N.W.2d 164, 165 (Iowa 1975) ("an otherwise impermissible search and seizure is valid if freely and voluntarily consented to"). *See also State v. Crowder,* 20 Kan.App.2d 117, 122, 887 P.2d 698, 702 (1994) (defendant voluntarily consented to search of mouth, so the consent removed any taint from alleged illegal seizure, although police officer did not inform defendant that he was free to refuse consent; officer asked defendant to open his mouth and defendant complied).

If the State attempts to justify a search based on consent,

> the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent.

*Schneckloth v. Bustamonte,* 412 U.S. 218, 248–49, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854, 875 (1973).

■ Here, Sankey just asked Manna to spit out the seeds. Manna did not refuse Sankey's request, but simply complied. There is nothing in the record to suggest that Sankey used coercion or duress to secure Manna's consent to search his mouth, if indeed it was a search. Considering the totality of the circumstances, we conclude Manna's consent was voluntary.

In *Crowder,* the court came to the same conclusion on similar facts:

> Officer Melander testified that he asked [the defendant] if he would open his mouth, and [the defendant] complied. [The defendant] himself testified at trial that "[Officer Melander] asked me to open my mouth, so I opened my mouth for him." There is nothing in the record to suggest that Officer Melander used coercion or duress to obtain Crowder's consent to search his mouth.

*Crowder,* 887 P.2d at 702.

Because Manna's consent was voluntary, the district court correctly denied Manna's motion to suppress.

■ II. Manna's other suppression argument is that Sankey lacked reasonable grounds to believe Manna operated a motor vehicle while intoxicated. For that reason— Manna says—Sankey had no basis to invoke the implied consent procedure under Iowa Code section 321J.6. Manna asserts that because Sankey did not comply with section 321J.6, the district court should have suppressed all evidence of intoxication.

The State responds that Manna did not preserve this alleged error for our review. We agree.

Our preservation rule requires that issues must be presented to and passed upon by the district court before they can be raised and decided on appeal. *Johnston Equip. Corp. v. Industrial Indem.,* 489 N.W.2d 13, 16–17 (Iowa 1992). Arguably, Manna raised this issue in his motion to suppress. However, the district court did not rule on it, and Manna made no request for such a ruling. Therefore, there is nothing for us to review. Manna simply failed to preserve any alleged error on this issue. *See State v. Schiernbeck,* 203 N.W.2d 546, 547 (Iowa 1973) (defendant proceeded to trial without requesting ruling on his motions to dismiss and did not call the matter to the district court's attention until after trial; held, nothing was preserved for review and reviewing court would not pass on the merits of the motions to dismiss). In addition, rule 23(2)(c) has the same function in criminal cases that Iowa Rule of Civil Procedure 179(b) has in civil cases. *State v.*

*Miles,* 346 N.W.2d 517, 519 (Iowa 1984); *see, e.g., State Farm Mut. Auto. Ins. Co. v. Pflibsen,* 350 N.W.2d 202, 206 (Iowa 1984) (rule 179(b) motion essential to preserve error when trial court fails to resolve issue, claim, defense, or legal theory properly submitted for adjudication).

III. Because we conclude the district court correctly refused to suppress the evidence of intoxication, we vacate the court of appeals decision. We affirm the district court's judgment of conviction and sentence.

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**