# IN THE COURT OF APPEALS OF IOWA

No. 22-0061
Filed February 22, 2023

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**RICHARD ALAN MANCINI JR.,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Tod Deck (guilty

plea), Jeffrey Poulson, Tod Deck, and Zachary Hindman (sentencing), Judges.

Richard Mancini appeals following his guilty plea to third-degree theft.

**AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**AHLERS, Judge.**

Richard Mancini pleaded guilty to third-degree theft. The court entered a deferred judgment and placed Mancini on supervised probation for two years. Mancini did not register for probation as required. As a result, upon application of the State, the court found Mancini violated the terms of his probation, revoked his deferred judgment, and entered judgment and sentence. Mancini appeals.

First, Mancini challenges the guilty plea proceedings. He claims error because the plea agreement was not included in or with the plea documents, as required by our rules of criminal procedure. *See* Iowa R. Crim. P. 2.8(2)(c) ("The terms of any plea agreement shall be disclosed of record as provided in rule 2.10(2)."). Mancini's contention runs into the obstacle that challenges to the plea proceedings must be raised by filing a motion in arrest of judgment.[1] *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). There is an exception to this rule when the defendant is not adequately informed of the necessity of filing a motion in arrest of judgment. *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). Mancini does not meet this exception because his guilty plea included the following acknowledgment:

> I know that any challenges to the plea of guilty, based on alleged defects in the plea proceedings, must be raised in a [m]otion in [a]rrest of [j]udgment and that failure to raise such challenges shall preclude the right to assert them on appeal. I hereby waive my right to file a [m]otion in [a]rrest of [j]udgment.

---

[1] A defendant must also establish good cause to appeal from a guilty plea. Iowa Code § 814.6(1)(a)(3) (2021).

This sufficiently informed Mancini that he was required to challenge the plea proceedings via a motion in arrest of judgment. *See State v. Damme*, 944 N.W.2d 98, 108 (Iowa 2020) (requiring substantial compliance with the rules regarding informing a defendant of the necessity to file a motion in arrest of judgment to challenge a guilty plea). But Mancini never filed a motion in arrest of judgment. In fact, he waived such right in his written guilty plea. As a result, he cannot challenge the plea proceedings on appeal, so we do not reach the merits of his claim. *See State v. Treptow*, 960 N.W.2d 98, 109–10 (Iowa 2021) (holding a defendant who is properly advised of the obligation to file a motion in arrest of judgment to challenge defects in the plea proceeding and fails to do so cannot establish good cause to appeal).

Next, Mancini argues the district court erred by revoking his deferred judgment because the State did not establish his violation of the terms of his probation was willful.[2] The State points out that Mancini raises his willfulness argument for the first time on appeal. Because the district court never had the opportunity to address this argument, it is not preserved for our review. *See State v. Manna*, 534 N.W.2d 642, 644 (Iowa 1995) ("Our preservation rule requires that issues must be presented and passed upon by the district court before they can be raised and decided on appeal."). Accordingly, we do not address it.

Finally, Mancini claims the district court failed to comply with Iowa Rule of

---

[2] A defendant has good cause to appeal following a guilty plea when the defendant challenges an "order revoking [a] deferred judgment and entering a judgment of conviction and sentence." *State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020).

Criminal Procedure 2.23(3)(a) when it entered judgment and sentence.[3]
Rule 2.23(3)(a) provides:

> When the defendant appears for judgment, the defendant must be informed by the court or the clerk under its direction, of the nature of the indictment, the defendant's plea, and the verdict, if any thereon, and be asked whether the defendant has any legal cause to show why judgment should not be pronounced against the defendant.

We require district courts to substantially comply with this rule. *See Jackson-Douglass*, 970 N.W.2d at 258. Mancini questions whether the court complied with the rule by adequately noting on the record the nature of the indictment, Mancini's plea, and the verdict.[4] The State directs us to the following statement of the court at sentencing:

> Then it is the judgment of the court that the defendant stands convicted and is guilty of the crime of theft in the third degree, an aggravated misdemeanor, in violation of Iowa Code [s]ection 714.1 and 714.2(3) as set forth in [the] trial information that was filed in this case.
> In considering what sentence to impose, the court did consider all of the information before it including the evidence submitted today, the defendant's prior admissions, the victim impact statement, and the positions of the parties.

We agree with the State that this statement by the district court substantially complied with rule 2.23(3)(a).

**AFFIRMED.**

---

[3] Because Mancini challenges the sentencing proceedings after he pleaded guilty and not the guilty plea itself, he has good cause to appeal. *See State v. Jackson-Douglass*, 970 N.W.2d 252, 256 (Iowa 2022).

[4] We note Mancini also asks this court to "analyze this claim pursuant to the relevant provisions of both the Iowa and United States Constitutions." But he does not develop any constitutional claims for our review, so we do not address them.